UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PATRICK CONNOLLY,

        Plaintiff,

vs.

DRESDNER BANK AG, ALLIANZ SE and EIF MANAGEMENT, LLC,

        Defendants.

08 Civ. 5018 (SHS)

ECF Case

**ANSWER**

---

      Defendants Dresdner Bank AG ("Dresdner") and EIF Management, LLC ("EIF"), by their undersigned attorneys, answer the Verified Amended Complaint and Demand for Jury Trial (the "Complaint") as follows:[1]

    1.    Deny the allegations contained in Paragraph 1 of the Complaint.

    2.    Deny the allegations contained in Paragraph 2 of the Complaint.

    3.    Admit that Plaintiff Patrick Connolly was employed by Dresdner for nearly 30 years, and otherwise deny the allegations contained in Paragraph 3 of the Complaint.

    4.    Admit that Defendant Dresdner Bank AG is a foreign bank. Aver that Defendant Dresdner Bank AG is headquartered at the address of Juergen-Ponto-Platz 1, 60301 Frankfurt am Main, Germany, and otherwise deny the allegations contained in Paragraph 4 of the Complaint.

    5.    Upon information and belief, aver that Defendant Allianz SE is a

---

[1] Dresdner and EIF aver that no response is required to the headings contained throughout the Amended Complaint, and to the extent an answer is required, Dresdner and EIF deny any and all allegations in such headings.

1

German stock corporation organized and existing under the laws of the Federal Republic of Germany and the European Union, with its principle place of business at the address of Königinstr. 28, D-80802 Munich, Germany, and otherwise deny the allegations contained in Paragraph 5 of the Complaint.

  6. Admit that EIF Management, LLC is a limited liability company, and that EIF Management, LLC is a Managing Member of, and controls and makes all decisions for, various entities that manage individual funds, including United States Power Fund, L.P. Aver that EIF Management, LLC has its principal place of business at Three Charles River Place, 63 Kendrick Street, Needham, Massachusetts, 02494, and otherwise deny the allegations contained in Paragraph 6 of the Complaint.

  7. Admit the allegations contained in Paragraph 7 of the Complaint.

  8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

  9. Deny the allegations contained in Paragraph 9 of the Complaint.

  10. Deny the allegations contained in Paragraph 10 of the Complaint.

  11. Admit that Dresdner Bank AG acquired EIF Management, LLC, and otherwise deny the allegations contained in Paragraph 11 of the Complaint.

  12. Deny the allegations contained in Paragraph 12 of the Complaint.

  13. Deny the allegations contained in Paragraph 13 of the Complaint.

  14. Deny the allegations contained in Paragraph 14 of the Complaint.

  15. Deny the allegations contained in Paragraph 15 of the Complaint.

  16. Deny the allegations contained in Paragraph 16 of the Complaint.

  17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Respectfully refer the Court to the document identified in the Complaint as the Dresdner Kleinwort Capital Carried Interest Arrangements for its complete and accurate terms, and otherwise deny the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny the allegations contained in Paragraph 23 of the Complaint.

24. Deny the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30. Respectfully refer the Court to the terms of the January 21, 2004 letter from Andrew Cowley to Patrick Connolly for its complete and accurate terms, and otherwise deny the allegations contained in Paragraph 30 of the Complaint.

31. Respectfully refer the Court to the terms of the January 21, 2004 letter from Andrew Cowley to Patrick Connolly for its complete and accurate terms, and otherwise deny the allegations contained in Paragraph 31 of the Complaint.

32. Admit that Dresdner retained a five percent carried interest in U.S. Power Fund after the sale of its interest in EIF, and otherwise deny the allegations

contained in Paragraph 32 of the Complaint.

33. Respectfully refer the Court to the terms of the January 21, 2004 letter from Andrew Cowley to Patrick Connolly for its complete and accurate terms, and otherwise deny the allegations contained in Paragraph 33 of the Complaint.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Respectfully refer the Court to the terms of the January 21, 2004 letter from Andrew Cowley to Patrick Connolly for its complete and accurate terms, and otherwise deny the allegations contained in Paragraph 36 of the Complaint.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

### (Breach of Contract)

42. Paragraph 42 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their responses herein.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

44. Deny the allegations contained in Paragraph 44 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

46. Paragraph 46 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their responses herein.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

**(Unjust Enrichment)**

50. Paragraph 50 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their responses herein.

51. Deny the allegations contained in Paragraph 51 of the Complaint.

52. Deny the allegations contained in Paragraph 52 of the Complaint.

53. Deny the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny the allegations contained in Paragraph 55 of the Complaint.

56. Deny the allegations contained in Paragraph 56 of the Complaint.

57. Deny the allegations contained in Paragraph 57 of the Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

### (Quantum Meruit)

58. Paragraph 58 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their responses herein.

59. Deny the allegations contained in Paragraph 59 of the Complaint.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny the allegations contained in Paragraph 61 of the Complaint.

62. Deny the allegations contained in Paragraph 62 of the Complaint.

63. Deny the allegations contained in Paragraph 63 of the Complaint.

64. Deny the allegations contained in Paragraph 64 of the Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

### (Violation of New York Labor Law)

65. Paragraph 65 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their responses herein.

66. Paragraph 66 of the Complaint purports to state a legal conclusion to which no response is required.

67. Deny the allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint purports to state a legal conclusion

to which no response is required.

70. Deny the allegations contained in Paragraph 70 of the Complaint.

71. Deny the allegations contained in Paragraph 71 of the Complaint.

### ANSWER TO SIXTH CAUSE OF ACTION

#### (Fraud)

72. Paragraph 72 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their responses herein.

73. Deny the allegations contained in Paragraph 73 of the Complaint.

74. Deny the allegations contained in Paragraph 74 of the Complaint.

75. Deny the allegations contained in Paragraph 75 of the Complaint.

76. Deny the allegations contained in Paragraph 76 of the Complaint.

77. Deny the allegations contained in Paragraph 77 of the Complaint.

78. Deny the allegations contained in Paragraph 78 of the Complaint.

79. Deny the allegations contained in Paragraph 79 of the Complaint.

80. Deny the allegations contained in Paragraph 80 of the Complaint.

81. Deny the allegations contained in Paragraph 81 of the Complaint.

### ANSWER TO SEVENTH CAUSE OF ACTION

#### (Fraudulent Inducement)

82. Paragraph 82 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their

responses herein.

83. Deny the allegations contained in Paragraph 83 of the Complaint.

84. Deny the allegations contained in Paragraph 84 of the Complaint.

85. Deny the allegations contained in Paragraph 85 of the Complaint.

86. Deny the allegations contained in Paragraph 86 of the Complaint.

87. Deny the allegations contained in Paragraph 87 of the Complaint.

88. Deny the allegations contained in Paragraph 88 of the Complaint.

89. Deny the allegations contained in Paragraph 89 of the Complaint.

90. Deny the allegations contained in Paragraph 90 of the Complaint.

91. Deny the allegations contained in Paragraph 91 of the Complaint.

92. Deny the allegations contained in Paragraph 92 of the Complaint.

## ANSWER TO EIGHTH CAUSE OF ACTION

### (Civil Conspiracy)

93. Paragraph 93 of the Complaint purports to re-allege and incorporate all preceding paragraphs of the Complaint. Dresdner and EIF respectfully refer the Court to their responses to those preceding paragraphs and incorporate their responses herein.

94. Deny the allegations contained in Paragraph 94 of the Complaint.

95. Deny the allegations contained in Paragraph 95 of the Complaint.

96. Deny the allegations contained in Paragraph 96 of the Complaint.

97. Deny the allegations contained in Paragraph 97 of the Complaint.

98. Deny the allegations contained in Paragraph 98 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

99. Plaintiff's claims are barred, in whole or in part, because plaintiff has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

100. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and/or repose.

## THIRD AFFIRMATIVE DEFENSE

101. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

102. Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

## FIFTH AFFIRMATIVE DEFENSE

103. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, defendants respectfully request judgment against the plaintiff dismissing the Complaint in the above entitled action, and awarding such other relief as the Court deems just and proper.

Dated: New York, New York
June 23, 2008

MILBANK, TWEED, HADLEY & McCLOY LLP

By: _____
Scott A. Edelman (SE-5247)
Renee H. Sekino (RS-0946)
Susan A. Hensler (SH-3635)
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000

*Attorneys for Defendants Dresdner AG and EIF Management, LLC*

10