UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK CONNOLLY, | 08 Civ. 5018 (SHS/JCF) |
| Plaintiff, | ECF Case |
| vs. | |
| DRESDNER BANK AG, ALLIANZ SE and EIF MANAGEMENT, LLC, | |
| Defendants. | |

## JOINT DISCOVERY PLAN

In accordance with Rules 26 and 16(b) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Civil Rules for the United States District Court for the Southern District of New York, Plaintiff Patrick Connolly, Defendant Dresdner Bank AG and Defendant EIF Management, LLC (the "Parties") jointly submit the following discovery plan for the Court's consideration.

I.  **Factual Description of the Case**

   A.  **Plaintiff's Description**

   Plaintiff Patrick Connolly was employed by Defendant Dresdner Bank AG ("Dresdner") for almost 30 years. As Executive Vice President and Managing Director, Mr. Connolly was successful in obtaining approval from Dresdner's Board of Directors to allocate $50 million in seed money to the U.S. Power Fund. In recognition of his efforts, Mr. Connolly was awarded a 0.6 percent carried interest in the U.S. Power Fund by Defendants, which was fully vested when it was awarded and memorialized in writing. Although Mr. Connolly was assured by Defendants right up until his voluntary

1

retirement in May 2002 that he would be awarded the carried interest, Defendants refused to pay Mr. Connolly his carried interest in 2004. As a result, Mr. Connolly is seeking to recover for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, quantum meruit, violation of New York Labor Law, fraud, fraudulent inducement and civil conspiracy.

### B. Defendants' Description

Mr. Connolly was a Dresdner employee who was well compensated for his work on Dresdner's behalf. He is not entitled to any additional compensation with respect to his dealings with the United States Power Fund. Dresdner decided to allocate $50 million in seed money to the United States Power Fund. This commitment by Dresdner was not attributable to Mr. Connolly's individual efforts. Even if it had been attributable to Mr. Connolly's efforts, he would not be entitled to any additional compensation as a result of those efforts. Minutes to a Compensation Committee meeting on January 26, 2001 reflect an award of 0.6 percent carried interest in the United States Power Fund to Mr. Connolly, but this award was predicated on the assumption that Mr. Connolly would serve in the future as a member of the Fund's investment committee (something that did not occur). Moreover, the carried interest was purportedly awarded by Mr. Connolly himself and Christopher Wright, as the sole members of the Compensation Committee. In addition, the minutes from the meeting expressly state that the parties would later prepare agreements reflecting terms and conditions of the carried interest allocations. Following the meeting, no such agreements were ever prepared. Moreover, any carried interest award would have been subject to a vesting requirement. Mr. Connolly was terminated from Dresdner in January 2002, many months before the

United States Power Fund had launched, and any interest he otherwise might have had was not vested at the time of his termination. Finally, contrary to Plaintiff's contention, there were no assurances made to Mr. Connolly, during his employment or upon his termination, that he would be awarded the carried interest upon his departure from the company. Mr. Connolly is not entitled to the carried interest award, or any of the other relief he seeks in his complaint.

II.     **Discovery Conducted To Date**

To date, no discovery has been served by the Parties.

III.    **Estimate Of The Time Needed To Complete Discovery**

The Parties estimate that fact discovery will close on November 15, 2008, and that expert discovery will close on January 15, 2009. *See also* Proposed Dates (Section IX).

IV.     **Settlement Discussions**

No settlement discussions have taken place between the Parties.

V.      **Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)**

The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) on July 15, 2008. *See also* Proposed Dates (Section IX).

VI.     **Electronically Stored Information**

The Parties will likely request or produce electronically stored information. Pursuant to Fed. R. Civ. P. 26(f)(3)(C), the Parties' have discussed the format of the production of such information agreed to the following:

> <u>Format of production to defendants</u>:
> Single-page TIFF images
> Dataload file (*.DAT) with:
>     BEGDOC
>     ENDDOC

       BEGATTACH
       ENDATTACH
       SENTDATE
       RECEIVEDDATE
       LST_MOD_DATE
       CREATE_DATE
       FROM
       TO
       CC
       BCC
       SUBJECT\TITLE (Fields combined)
       PAGE_CNT
IPRO image load file (*.LFP)
OCR at document level

Format of production to plaintiff:
Concordance load file (.txt or .dat extension) that uses the Concordance default delimiters and yyyymmdd date format and contains the following fields:
       BEGNO Text 60
       ENDNO Text 60
       ATTACHBEGIN Text 60
       ATTACHEND Text 60
       SENTONDATE Date M
       RECEIVEDDATE Date M
       MODIFIEDDATE Date M
       CREATEDDATE Date M
       AUTHOR Paragraph 16
       TO Paragraph 16
       CC Paragraph 16
       BCC Paragraph 16
       SUBJECT Paragraph 16
       TITLE
       FULLTEXT
Concordance load file should be logically unitized (unless generated from EDD processing)
Corresponding single page tif images
Corresponding Opticon log file and Iprop lfp

### VII. Claims of Privilege

Pursuant to Fed. R. Civ. P. 26(f)(3)(D), the Parties' have discussed issues relating to claims of privilege and agreed that within 21 days of production, the producing party will provide a log of documents withheld or redacted on the basis of

attorney-client privilege or attorney work product protection. The Parties also agreed that Rule 26.2 of the Local Civil Rules for the United States District Court for the Southern District of New York set forth the manner and procedure for asserting and responding to a claim of privilege.

## VIII. Protective Order

Pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Civ. P. 26(f)(3)(F), the Parties expect to enter into a single-tiered protective order.

## IX. Proposed Dates

The chart below identifies dates proposed by the Parties for joinder of other parties, amendment of pleadings, completion of discovery, and other events.

| Activity | Date |
| --- | --- |
| Parties' exchange of initial disclosures under Fed. R. Civ. P. 26(a)(1) | July 15, 2008 |
| Fact discovery commences | July 15, 2008 |
| Deadline to serve document requests | July 15, 2008 |
| Deadline to produce documents | September 15, 2008 |
| Deadline to conduct depositions of fact witnesses | November 14, 2008 |
| Close of fact discovery | November 14, 2008 |
| Deadline to serve expert reports on issues on which parties have burden of proof | December 15, 2008 |
| Deadline to serve rebuttal expert reports | December 22, 2008 |
| Deadline to serve reply expert reports addressing any new issues raised in rebuttal reports | December 31, 2008 |
| Deadline to conduct depositions of expert witnesses | January 15, 2009 |
| Close of expert discovery | January 15, 2009 |
| Deadline to serve dispositive motions | February 16, 2009 |

| Activity | Date |
|---|---|
| Deadline to serve opposition to dispositive motions | March 6, 2009 |
| Deadline to serve reply in support of dispositive motions | March 20, 2009 |
| Pretrial conference | To be determined |
| Trial date | To be determined |

X.  Conclusion

The Parties jointly request entry of a scheduling order consistent with the foregoing submission.

Respectfully submitted,

Date: July 9, 2008

THOMPSON WIGDOR & GILLY LLP

Douglas Wigdor
Andrew Goodstadt
350 Fifth Avenue
Suite 5720
New York, NY 10118

*Attorneys for Plaintiff Patrick Connolly*

Date: July 9, 2008

MILBANK, TWEED, HADLEY & McCLOY LLP

Scott A. Edelman (SE-5247)
Renee H. Sekino (RS-0946)
Susan A. Hensler (SH-3635)
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5000

*Attorneys for Defendants Dresdner AG and EIF Management, LLC*